IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:13-cv-02316-WJM-MEH**

OSMAN ADAM
ABDIRAHEEM AHMED, f/k/a RAHIM AHMED
ABDIKARIN DIRIR
ABDIHAKIM FARAH
HASSAN FARAH
MOHAMUD FARAH
ABSHIR HASSAN
ABSHIR MAHAMED
AHMED OMAR
YESHIMEBET RISKE, and
IBRAHIM YUSUF

    Plaintiffs,

v.

MKBS LLC, d/b/a METRO TAXI,
d/b/a METRO TAXI INC., a Colorado limited liability company

    Defendant.

## STIPULATED PROTECTIVE ORDER

It is anticipated by Plaintiffs and Defendant that certain of Defendant's confidential business records and certain of Plaintiffs' confidential business, income and personnel records may be produced in discovery in this matter. The parties agree that such confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, must be protected from further disclosure or dissemination. Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for entry of this Stipulated Proposed Protective Order to provide such protection according to the terms and conditions

1

below.

    1.    To expedite the flow of discovery material and the litigation of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties, STIPULATED and ORDERED that:

    2.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and the Pilot Project Regarding Initial Discovery Protocols for Employment Cases Alleging Adverse Action.

    3.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person *except that* such information may be disclosed to:

    (a)    attorneys who are actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties, including designated representatives for Defendant;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or

other proceedings in this case;

  (e) the Court in this case and its employees ("Court Personnel");

  (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

  (g) deponents, witnesses, or potential witnesses; and

  (h) other persons by written agreement of the parties.

4. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil P. 34(a)(1)(a).  A draft or non-identical copy is a separate document within the meaning of this term.

5. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law or the statutory privacy interests of Plaintiffs, current or former employees, representatives, or agent of Defendant, including but not limited to Defendant's personnel or business financial information of Defendant, including, but not limited to personnel information concerning non-party current and former employees or contractors of Defendant; non-party employee or contractors' addresses, social security numbers; non-parties' employment files and compensation histories; information containing Defendant's trade secret information; Defendant's proprietary or non-public business information; information relating to Defendant's investment, business, and operational strategies, plans, and corporate structure considered by Defendant, by policy or practice, to be confidential or proprietary. CONFIDENTIAL information shall not be disclosed or used for any purpose except in pretrial discovery, at the trial, or in preparation for trial, or for any appeals of this action.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than the individuals listed in paragraphs 3(a) through 3(f)), counsel shall

3

provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Counsel or persons regularly employed or associated with counsel may designate information as CONFIDENTIAL only after a review of the information and based on a good faith belief that the information is CONFIDENTIAL or otherwise entitled to protection.

8. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL."

9. Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation nor will it prevent the producing party from designating said document or material "CONFIDENTIAL" at a later date.

10. In the event that a non-party or another party produces documents that a party wishes in good faith to designate as CONFIDENTIAL, the party wishing to make that designation must do so within fifteen (15) business days of receipt, and identify the CONFIDENTIAL document(s) or CONFIDENTIAL information by bates label or, where not bates labeled, by document title and page number(s). The non-designating parties shall thereafter mark the document or information in the manner requested by the designating party and thereafter treat the document or information in accordance with such marking. However, any use by the non-designating parties made before a post-

production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long at the non-designating party notifies the designating party of the prior disclosure and otherwise comes into conformance with the new designation.

11. Producing or receiving materials or otherwise complying with the terms of this Protective Order shall not:

    (a) operate as an admission by any party that any particular discovery material contains or reflects any CONFIDENTIAL information;

    (b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise;

    (c) prejudice in any way the rights of a party to seek a Court determination regarding whether particular discovery materials should be produced; or

    (d) prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

12. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate all or any portion of depositions as CONFIDENTIAL after transcription,

provided written notice of the designation is given promptly to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

13.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within thirty (30) days after the conclusion of that 10-business day window requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is filed timely, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

14.     In the event it is necessary for the parties to file CONFIDENTIAL information with the Court, the CONFIDENTIAL information shall be filed in accordance with the requirements of D.C.COLO.L.CivR 7.2, with an accompanying Motion to Restrict Access and a designation of the level of restriction sought.

15. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to return CONFIDENTIAL documents, the returning party shall provide all parties a written certification of counsel confirming that all CONFIDENTIAL documents have been returned. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. This provision shall not preclude the parties from maintaining for their records a secured electronic copy of any document that is designated as CONFIDENTIAL in this case.

16. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED AND APPROVED:

DATED this <u>3rd</u> day of <u>December</u>, 2013 in Denver, Colorado.

BY THE COURT:

*[signature: Michael E. Hegarty]*

Michael E. Hegarty
United States Magistrate Judge

**APPROVED AS TO FORM AND CONTENT:**

*s/ Lisa Hogan*                                     *s/ Thomas J. Arckey*
Lisa Hogan                                            Thomas J. Arckey

| | |
|---|---|
| Martine T. Wells | Sara Y. Hunt |
| Brownstein Hyatt Farber Schreck, LLP | Arckey & Associates, LLC |
| Attorneys for Defendant | Attorneys for Plaintiff |
| 410 Seventeenth Street, | 7951 East Maplewood Ave., |
| Suite 2200 | Suite 285 |
| Denver, CO 80202-4432 | Greenwood Village, CO 80111 |
| (303) 223-1100 | (303) 798-8546 |
| (303) 223-1111 fax | (303) 798-4637 fax |
| lhogan@BHFS.com | tja@arlaw.us |
| mwells@BHFS.com | syhunt@arlaw.us |

Courtesy copy provided to:

Chris Baumgartner
Dufford & Brown, PC
1700 Broadway, Suite 2100
Denver, CO 80290-2101
(303) 861-8013
Attorney for Interested Party SuperTaxi, Inc.

8

## EXHIBIT A

## AGREEMENT CONCERNING CONFIDENTIAL MATERIAL SUBJECT TO THE STIPULATED PROTECTIVE ORDER

I, the undersigned, hereby acknowledge I have read the Stipulated Protective Order (the "Order") in *Adam, et al., v. MKBS, LLC*, Civil Action No. 1:13-cv-02316-WJM-MEH, United States District Court for the District of Colorado. In consideration of being permitted to review confidential information, as described in the Order, I agree to comply, and be bound by, the terms set out therein.

I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of the Order.

_____
Full Name, Title

_____      _____
Signature                                              Date