IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02316-WJM-MEH

OSMAN ADAM,
ABDIRAHEEM AHMED f/k/a Rahim Ahmed,
ABDIKARIN DIRIR,
ABDIHAKIM FARAH,
HASSAN FARAH,
MOHAMUD FARAH,
ABSHIR HASSAN,
ABSHIR MAHAMED,
AHMED OMAR,
YESHIMEBET RISKE, AND
IBRAHIM YUSUF,

      Plaintiffs,

v.

MKBS LLC, d/b/a Metro Taxi, d/b/a Metro Taxi, Inc., a Colorado limited liability company,

      Defendant.

---

**ORDER ON MOTION TO AMEND COMPLAINT**

---

Before the Court is Plaintiff's Motion for Leave to File Third Amended Complaint [filed April 15, 2013; docket #42]. The motion has been referred to this Court for disposition. The matter is fully briefed, and the Court finds that oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the motion is **granted**.

**I.     Background**

Plaintiffs originated this action on August 28, 2013, then filed an Amended Complaint on October 9, 2013 as a matter of course pursuant to Fed. R. Civ. P. 15(a). On the deadline for filing amended pleadings, December 27, 2013, Plaintiffs moved for leave to file a Second Amended Complaint; the Court granted the motion finding no undue delay or prejudice. The operative pleading alleges essentially that Plaintiffs are East Africans from Somalia and Ethiopia who worked

for MKBS, LLC, d/b/a Metro Taxi or applied to work for Metro Taxi. Plaintiffs bring claims for discrimination, hostile work environment, wrongful termination, retaliation and/or failure to hire based on race, ethnicity and national origin against Metro Taxi in violation of 42 U.S.C.§ 1981; claims for civil theft under C.R.S. § 18-4-405 and/or conversion for deposits and/or personal property that was not returned and application fees; and Abshir Mahamed and Yeshimebet Riske bring claims for breach of contract and wrongful termination in violation of public policy. *See* Second Amended Complaint, docket #34. On January 16, 2014, the Defendant filed an Answer to the Second Amended Complaint. Docket #35. Meanwhile, the parties have engaged in discovery. Plaintiffs filed the present motion on April 15, 2014 seeking leave to file the attached proposed Third Amended Complaint.

Essentially, Plaintiffs assert that they received notices of right to sue from the Equal Employment Opportunity Commission (EEOC) on April 8, 2014 and now seek (1) to add allegations related to race, national origin and ethnicity discrimination under 42 U.S.C. §2000e by Plaintiffs Abdiraheem Ahmed, f/k/a Rahim Ahmed, Abdikarin Dirir, Abshir Hassan, Ahmed Omar, Yeshimebet Riske and Ibrahim Yusuf; (2) to add allegations of wrongful termination because of race, national origin and ethnicity under 42 U.S.C. §2000e by Abdiraheem Ahmed, Abshir Hassan, and Yeshimebet Riske against Defendant; (3) to add claims of failure to hire because of race, national origin, and ethnicity under 42 U.S.C. §2000e by Abdiraheem Ahmed, Abdikarin Dirir, Ahmed Omar and Ibrahim Yusuf against Defendant; (4) to add allegations of hostile work environment in violation of 42 U.S.C. §2000e by Plaintiffs Abshir Hassan and Yeshimebet Riske; and (5) to correct minor errors.

Defendant objects asserting that Plaintiffs fail to demonstrate good cause to modify the deadline for amendment of pleadings where certain Plaintiffs delayed in failing to seek notices of

right to sue before the 180-day statutory period; Plaintiffs' new claims will cause Defendant prejudice in requiring the focus of discovery on new issues; and the addition of the proposed new claims would be futile, as evidenced by the attached contracts and as will be shown with further discovery.

Plaintiffs reply that they were unable, pursuant to applicable regulations and case law, to seek notices of right to sue from the EEOC prior to the 180-day statutory period and that, once the period elapsed, they sought and received such notices. Plaintiffs also argue Defendant has failed to demonstrate prejudice where their new claims are based on the same set of facts and where Defendant knew about the EEOC charges in October 2013 and knew Plaintiffs intended to pursue them. Finally, Plaintiffs contend the addition of their new claims would not be futile.

**II.   Analysis**

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate

explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, Plaintiffs have provided an adequate explanation for any delay in seeking the proposed Title VII claims, and the Court finds that such amendments are timely. In addition, proposed amendments that seek to clarify or explain facts asserted in an operative complaint, or to add additional factual allegations concerning a claim's required elements, are proper. The Court perceives no bad faith on the part of the Plaintiffs in seeking to correct defects. However, the Court reminds the Plaintiffs of the Tenth Circuit's admonition against allowing pleadings to become "moving targets." *See Minter*, 451 F.3d at 1206 ( "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'") (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)). The Court will be mindful of such admonition when reviewing any further amendments.

Moreover, the Court finds that Plaintiffs' amendments are not unduly prejudicial. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1207 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Here, the Defendants claim prejudice in the requirement of additional discovery for Plaintiffs' new claims. However, the discovery period in this case does not end for two additional months and, to the extent Defendant demonstrates it requires additional time and/or methods of discovery for the new claims, the Court will ensure that the Defendant is granted any such discovery that complies with applicable rules.

4

With respect to Defendant's futility argument, although the Court is aware of case law applying a Fed. R. Civ. P. 12(b) standard to a futility challenge of proposed amendments under Rule 15(a), in exercising its discretion, the Court here must consider the efficiency of proceeding in this matter, particularly in light of the approaching discovery deadline. *See, e.g., Fluker v. Federal Bureau of Prisons*, No. 07-2426-CMA-CBS, 2009 WL 1065986, at *5 (D. Colo. Apr. 21, 2009) (unpublished). In fact, Defendant attaches "evidence" in support of its argument and concedes that further discovery may assist in bolstering its "independent contractor" defense.

Thus, the Court finds that Defendant's futility argument is more properly raised and adjudicated in a Rule 56 motion, rather than indirectly through opposition of a Rule 15(a) motion. *Id.* Considering that the denial of a motion to amend is a dispositive issue that may be only recommended by this Court, proceeding with a dispositive motion may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b). Therefore, the Defendant will be better served by awaiting an order by Judge Martinez on any dispositive arguments. *See General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-1145-DME, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (unpublished).

## III.     Conclusion

Rule 15(a) requires that courts "freely give leave when justice so requires." The Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim in the merits." *Foman*, 371 U.S. at 182. Here, the Court finds that Plaintiffs' amendments are timely, will not prejudice the Defendant and are not made in bad faith. Moreover, under the circumstances presented here, Defendant's futility argument, supported by "evidence" and which may be bolstered by further discovery, is more properly heard in the context of a Rule 56 motion.

5

Accordingly, in the interests of justice and efficiency, the Court **grants** Plaintiff's Motion for Leave to File Third Amended Complaint [filed April 15, 2013; docket #42]. The Clerk of the Court is directed to file the Third Amended Complaint located at docket #42-1. Defendant shall respond to the Third Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado, this 2nd day of May, 2014.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge